**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

APR 17 2006

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| APRIL BELL, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACXIOM CORPORATION, <br><br> Defendant. | Case No. 4-06-CV-0485 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMANDED** <br><br> Related to: 4:04-CR-00175-WRW |

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Cavaneau_

COMES NOW, April Bell on behalf of herself and all others similarly situated, and files this Class Action Complaint, and states:

## I.

## INTRODUCTION

1. This is a class action case brought on behalf of millions of Americans who have had their privacy violated by computer theft. Indeed, billions of pieces of information about the Plaintiff and the Class, ranging from their names, phone numbers and addresses to the number of square feet in their homes, and whether they own a VCR or a DVD player, was gathered by Acxiom Corporation ("Acxiom") over the years, but due to Acxiom's complete lack of due care it was easily stolen over the Internet. This case seeks damages and injunctive relief on behalf of all residents of the United States whose personal information was unlawfully taken from the Acxiom FTP server between January 1, 2001 and the present day (hereafter, the "Class").

Class Action Complaint - Page 1

## II.

## PARTIES

2       The named Plaintiff is a resident of the State of Arkansas, Pulaski County.

3.      Acxiom is a Delaware corporation headquartered in Faulkner County, Arkansas, with principle offices in Conway and Little Rock, Arkansas.

## III.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action and venue is proper because Defendant obtains personal information from residents within this District, markets and sells its products and services to citizens here, and has availed itself of the laws and protections of the state of Arkansas. Additionally, the Plaintiff is a resident of Pulaski County, and most of the wrongdoing alleged herein occurred within this District.

## IV.

## FACTUAL ALLEGATIONS

5.      Acxiom is one of the world's largest repositories for personal, financial, and company data. Some of Acxiom's clients are large financial institutions that offer credit cards to people, and Acxiom will store customer identifying information from these clients. Additionally, and more importantly for Acxiom and its clients, Acxiom will receive, process and store other information gleaned often times through credit card purchases so that that information may be used for marketing purposes by Acxiom, its clients and various other entities.

6.      In the course of its business, Acxiom uses its File Transfer Protocol (FTP) server, (ftp.acxiom.com), located in Conway, Arkansas, to store data being transferred from its clients. FTP is a method of communication used to send and receive "confidential" databases via the

Internet, and in this case Acxom's may place data on http://ftp.acxiom.com. A special computer system called a Domain Name Server (DNS) maintains a huge database of IP addresses and URL's so that someone could communicate with the Defendant's system from the Internet using either the IP address or the URL. URLs are popular because they are much more "user friendly" than a collection of numbers.

7.  The Defendant had stored nearly a billions of pieces of information, including names, addresses, social security numbers, credit card numbers etc. into their FTP server and allowed individual clients to access the customers databases using the aforementioned method. Most disturbing is that the only security the Defendant installed was a username and password, which was given to the customer to access their database. Even more disturbing, was that the password was often times the same name as the customer's name. For example: State Farm's username would be "state farm" and their password was also be "state farm." Irresponsibly, these usernames and passwords were not changed for sometimes years, allowing both present as well as former employees of Acxiom and its clients access to millions of consumers' personal information for months and years after they were even employed. It was also possible for somebody with even a minimum amount of computer expertise to decrypt the Defendant's password files in order to have access to all the information on the Defendant's FTP server. Obviously, this username and password information could be sold to the highest bidder, used by former employees, or anyone a little computer savvy to steal the private information in Acxiom's databases, thereby harming the millions upon millions of people whose personal information was located on the Defendant's unprotected FTP server. Unwanted solicitation, stolen credit card information, and even identity theft were all made possible by the Defendant's refusal to adequately secure the FTP server.

8. Acxiom's total disregard for security was demonstrated from November 2001 to the Summer of 2003, when Scott Levine, with a team of his employees, accessed the Defendant's FTP server over 140 times downloading billions of bytes of personal information. Indeed, on May 22, 2003, Levine downloaded a file entitled "ftpsam.txt" which contained the Defendant's usernames and encrypted passwords granting him access to all of the files and databases on the Defendant's FTP server. Mr. Levine sold part of this information to mass marketers: Direct Partner Solutions, in Alpharetta GA and ID Media – a postal advertising company engaged in the promotion of a brand name pharmaceuticals. This is but one example of a serious security breach that resulted in a massive invasion of privacy for Plaintiff and the Class.

9. Upon learning of Levine's breach of their unsecured FTP server, Acxiom did not take adequate measures to prevent such breaches of security from happening again.

10. Moreover, Defendant has actively refused to notify the people (which make up the Class) that their personal information was stolen and remains a security risk.

11. Furthermore, Acxiom has refused to inform individuals who contact Defendant in an effort to determine whether their personal information was stolen.

12. As such, it is necessary for court intervention and to cause Acxiom to notify in writing all of those individuals whose personal information has been stolen so they can take necessary steps to prevent identity theft. The privacy and financial security of individuals is increasingly at risk due to the ever more widespread collection of personal information by both the private and public sector. Credit card transactions, magazine subscriptions, telephone numbers, real estate records, automobile registrations, consumer surveys, warranty registrations, credit reports, and Internet Web sites are all sources of personal information and form the source material for identity thieves. Unfortunately for us all, identity theft is one of the fastest growing

crimes and criminals who steal personal information such as social security numbers use the information to open credit card accounts, write bad checks, buy cars, and commit other financial crimes with other people's identities. Victims of identity theft must act quickly to minimize the damage; therefore expeditious notification of possible misuse of a person's personal information is imperative.

13.     Defendant's continued refusal to notify individuals whose information was stolen places them at great personal and financial risk.

## V.

## CLASS ALLEGATIONS

14.     There is a well-defined commonality of interests in common questions of law and fact that affect all members of the Class, which is defined as follows;

> All persons residing within the United States having personal information held within the computer systems of Acxiom, excluding its employees, officers, directors, or authorized agents, whose personal information was unlawfully taken from the Acxiom FTP server between January 1, 2001 and the present day.[1]

15.     The Class is so numerous that joinder of all members is impracticable. Acxiom's systems include billions of pieces of private information for millions of people in the United States. Clearly, joinder of millions of plaintiffs from jurisdictions and venues all across the United States is impracticable.

16.     As to the Class, there are common questions of law and fact, which predominate over any questions affecting individual Class Members which include, but are not limited to:

a)     Whether Acxiom owed a duty to Plaintiff and the Class to safely guard their private information;

---

[1] Plaintiff reserves the right to modify or amend this class definition based upon discovery produced in this action.

Class Action Complaint - Page 5

b) Whether Acxiom breached that duty and proximately caused damage to Plaintiff and the Class;

c) Whether Acxiom's lack of security caused an unlawful invasion of Plaintiff's and the Class' privacy;

d) What is the proper remedy and measure of damages for Plaintiff and the Class;

e) Whether remediation and removal of the private information belonging to Plaintiff and the Class in Acxiom's servers the appropriate remedy;

f) Whether Class Members are entitled to an injunction requiring Defendant to notify them in writing of the times their private information was breached, how it was breached, by whom, what action Acxiom has taken to prevent further breaches of security and a name and telephone number to call to ask any additional questions;

g) Whether Defendants are required to pay reasonable and necessary attorneys fees and costs associated with prosecuting this lawsuit.

17. The claims asserted by Plaintiff are typical of the claims of the Class. The Class and Plaintiff have all had their private information taken and exploited due to Acxiom's negligence and has further resulted in an unlawful violation of their privacy.

18. Plaintiff will fairly and adequately represent the interest of the Class. The interest of the Class is not antagonistic with those of the individual Plaintiff. The Plaintiff has the ability to adequately protect the rights of the Class during the litigation. Furthermore, the Plaintiff is represented by legal counsel who is competent and experienced in this type of class action litigation.

19. A class action is not only the appropriate method for the fair and efficient adjudication of the controversy, but it, in fact, is the superior method to all other available cause of action because:

a) The joinder of millions of geographically diverse individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b) There is no special interest by Class Members and individually controlling prosecution of separate causes of action;

c) Class Members' individual claims now may be relatively modest compared with the expense of litigation the claim, thereby making it impracticable, unduly burdensome, expensive, if no totally impossible, to justify individual Class Members addressing their loss;

d) When Defendant's liability has been adjudicated, claims of all Class Members can be determined by the court and administered efficiently in a manner which is far less erroneous, burdensome, and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

e) A class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

f) A class action will assure uniformity of decisions among Class Members;

g) Without a class action, Class Members will not only go without restitution or money damages, and, furthermore, will not even be notified that their private information has been unlawfully compromised;

h) The resolution of this controversy through a class action will present few management difficulties, whereas prosecution of these millions of individual claims will be extremely inefficient, a waste of judicial resources and be subject to varying indifferent adjudications of their rights;

j) Additionally, injunctive relief will be available to protect all class members.

20. Thus, all of the requirements of Federal Rule of Civil Procedure Rule ("FRCP") 23(a) are satisfied as demonstrated above. Additionally, each subparagraph of FRCP 23(b) is also satisfied as alleged above and as follows:

a) Millions of people throughout the United States have private information within the computer systems of Acxiom and make up the Class. As such, the prosecutions of millions of separate actions by individual members will create a risk of (1) inconsistent or varying adjudications with respect to individual members or the class which would establish incompatible standards of conduct for Acxiom, and (2) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the

adjudications or substantially impair or impede their ability to protect their interest. Thus, class certification is appropriate pursuant to FRCP 23(b)(1)(A) and (B).

b) Additionally, Acxiom has acted and continues to refuse to notify the Class that their private information has been compromised. As such, Acxiom's actions make it appropriate for final declaratory and injunctive relief with respect to the class as a whole pursuant to FRCP 23(b)(2).

c) The common questions of fact and law as identified above predominate over any questions affecting only individual members of the class, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy here. As such, class certification is appropriate pursuant to FRCP 23(b)(3).

## VI.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE

21. Plaintiff hereby incorporates and adopts herein all allegations in the foregoing paragraphs of this complaint.

22. Defendant owed a duty of care to the Plaintiff and the Class.

23. Defendant breached its duty to the Plaintiff and the Class.

24. Defendant's breach proximately caused damage to the Plaintiff and the Class.

### COUNT II: INVASION OF PRIVACY

25. Plaintiff hereby incorporates and adopts herein all allegations in the foregoing paragraphs of this complaint.

26. Acxiom's lack of appropriate security measures caused an unreasonable intrusion on the privacy of the Plaintiff and the Class, and proximately caused them all damage.

## VII.

## JURY DEMAND

27.  Plaintiff and the Class demand a trial by jury on all issues so triable.

## VIII.

## PRAYER OF RELIEF

28.  WHEREFORE, Plaintiff, on behalf of herself and all Class members, requests judgment against Defendant, and that the court grant the following::

   a) Certify this cause as a class action pursuant to FRCP 23 and appoint Plaintiff as a class representative and Plaintiff's counsel as Class counsel;

   b) Declare the security measures of Acxiom over their computer systems inadequate due to Defendants' negligence, and also causing an invasion of privacy to Plaintiff and the Class.

   c) Order Defendant to notify all Class members in writing of the times their private information was breached, how it was breached, by whom, what action Acxiom has taken to prevent further breaches of security, and provide a contact person and telephone number for the Class to call and ask any additional questions;

   d) Order Defendant to remove the private information of Plaintiff and the Class from its FTP server and its other computer systems, and further enjoin it from obtaining any such private information from Plaintiff and the Class in the future;

   e) Award compensatory and punitive damages to Plaintiff and the Class;

   f) Award reasonable and necessary attorneys' fees and costs to Plaintiff, the Class and their counsel;

   g) Award pre-judgment and post-judgment interest on all damages allowed by law; and

h) Award such other and further relief in law or in or equity as the Court determines fair, reasonable, appropriate, and/or just deems just.

Respectfully submitted,

_____
Scott E. Poynter

Scott E. Poynter
**EMERSON POYNTER LLP**
2228 Cottondale Lane, Suite 100
Little Rock, AR 72202
Ph. (501) 907-2555
Fx. (501) 907-2556

George L. McWilliams
Richard A. Adams
James C. Wyly
Sean F. Rommel
**PATTON, ROBERTS, MCWILLIAMS & CAPSHAW, L.L.P.**
Century Bank Plaza, Suite 400
P.O. Box 6128
Texarkana, Texas 75505-6128
Ph. (903) 334-7000
Fx. (903) 334-7007

Jack Thomas Patterson II
**PATTON, ROBERTS, MCWILLIAMS & CAPSHAW, L.L.P.**
Stephens Building
111 Center St., Suite 1315
Little Rock, AR 72201
Ph. (501) 372-3480
Fx. (501) 372-3488

John G. Emerson
**EMERSON POYNTER LLP**
16763 Maplewild Ave SW
Seattle, WA 98166
Ph. (206) 241-2875
Fx. (206) 388-3801

**ATTORNEYS FOR PLAINTIFF**